E. A. STROUT FARM AGENCY, INC., Appellant, *v.* WILLIAM R. SPENCER, Respondent.

Supreme Court, Appellate Term, First Department, February Term — Filed May, 1923.

**Brokers — commissions on sale of real estate — broker cannot recover commissions if unsuccessful although owner later sells to customer — failure of broker to disclose name of customer — evidence.**

A real estate broker is not entitled to commissions for an unsuccessful effort, and it matters not that after his failure and the termination of his agency what he has done proves of use and benefit to his principal.

Plaintiff was employed by defendant to procure a purchaser for his farm at $4,000. In an action to recover commissions plaintiff testified that he told the party who eventually bought the farm for $2,500 that $4,000 was the best price and that if he wanted a better price he would have to see defendant and take the matter up with him. Defendant was not informed by plaintiff that he had interested the proposed purchaser in the property and it appeared that defendant never knew that said purchaser, who after what was told him by plaintiff negotiated the purchase with defendant personally, was a customer of the plaintiff. *Held,* that a judgment entered in favor of the defendant will be affirmed.

Evidence that at the time of closing defendant obtained from the purchaser an agreement to indemnify him " against the plaintiff's claim for commission in this case " was entirely irrelevant, it plainly appearing from the context that the defendant did not at the time know that plaintiff had any claim as broker, and that the agreement was the ordinary indemnity agreement against claims by any undisclosed broker.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, entered in favor of the defendant.

*Blackman, Pratt & Koehler* (*Thomas H. Rothwell,* of counsel), for appellant.

*Niebrugge & Maxfield* (*Theodore F. Sanders,* of counsel), for respondent.

LEHMAN, J.  The plaintiff was authorized and employed by the defendant to procure for him a purchaser for his farm at a price of $4,000. Concededly he never procured such a purchaser. The purchaser whom he claims to have obtained did not pay the price of $4,000, but only $2,500. The plaintiff did not introduce this

purchaser to the defendant and did nothing to bring the minds of the parties together upon the final agreement, but on the contrary told the purchaser, according to his own testimony, that " $4,000 was the best price; if he wanted to have a better price he would have to see Mr. Spencer and take it up with Mr. Spencer for a lesser price." The proposed purchaser did thereafter negotiate with the defendant personally, but the plaintiff had not even informed the defendant that the proposed purchaser was interested in the property by him, and it appears that the defendant never knew that the proposed purchaser was a customer of the plaintiff. The evidence that at the time of closing the defendant obtained from the purchaser an agreement to indemnify him " against the plaintiff's claim for commission in this case " is entirely irrelevant, because from the context it appears plain that the defendant did not at the time know that this plaintiff had any claim as broker, and that the agreement was the ordinary indemnity agreement against claims by any undisclosed broker. Under these circumstances there is no basis, in my opinion, for any claim on the part of the plaintiff that he earned a commission on the sale. The basis of a right to recovery by a broker has been set forth so clearly and completely in the classic opinion of Judge Finch in the case of *Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378, that for forty years the courts of this state have had no real occasion to further expound the principles governing this class of cases, but their function has been only to apply the principles laid down in that opinion, which has never been modified, limited or questioned, and which cannot be clarified by further explanation. Under the authority of that opinion it can no longer be questioned that the duty which the broker " undertakes, the obligation he assumes as a condition of his right to demand commissions, is to bring the buyer and seller to an agreement. In that all the authorities substantially concur, although expressing the idea with many differences of phrase and illustration. * * *" We have been thus particular in the examination and statement of the rule, because of a possible tendency, growing out of a variety of circumstances and modified forms of expression, to give it an extent and meaning not at all intended. It follows, as a necessary deduction from the established rule, that a broker is never entitled to commissions for an unsuccessful effort. The risk of failure is wholly his. The reward comes only with his success. That is the plain contract and contemplation of the parties. The broker may devote his time and labor, and expend his money with ever so much of devotion to the interests of his employer, and yet if he fails, if without effecting an agreement or accomplishing a bargain, he abandons the effort, or his authority is fairly and in good faith termi-

nated, he gains no right to commissions. He loses the labor and effort which was staked upon success. And in such event it matters not that after his failure, and the termination of his agency, what he has done proves of use and benefit to the principal. In a multitude of cases that must necessarily result. He may have introduced to each other parties who otherwise would have never met; he may have created impressions which, under later and more favorable circumstances, naturally lead to and materially assist in the consummation of a sale; he may have planted the very seeds from which others reap the harvest; but all that gives him no claim. It was part of his risk that failing himself, not successful in fulfilling his obligation, others might be left to some extent to avail themselves of the fruit of his labors. As was said in *Wylie* v. *Marine National Bank,* 61 N. Y. 415, in such a case the principal violates no right of the broker by selling to the first party who offers the price asked, and it matters not the sale is to the very party with whom the broker had been negotiating."

Applying these principles to the case under consideration, it is clear to me that the plaintiff is entitled to no recovery. It was his obligation either to obtain a purchaser at the price of $4,000, or to bring the minds of the parties to an agreement acceptable to both. He made no attempt to do so, but abandoned the negotiations and told the proposed customer to see the defendant himself if he wanted to have a better price. The defendant took up the negotiations, not because he preferred to do so nor in order to deprive the broker of his commissions, but because he had no alternative if he desired to make a sale, since he was not even informed that the proposed customer had had any dealings with the plaintiff. It would in my opinion be entirely anomalous to permit a broker employed to sell property at a specified price to obtain commissions merely because he interested a purchaser in the premises and the purchaser thereafter personally negotiated for the property because the broker abandoned the negotiations. The plaintiff has not rendered the services for which he was employed, and can point to no contract, express or implied, in which the defendant agreed to pay for those services which the plaintiff had rendered. It follows that the judgment should be affirmed, with twenty-five dollars costs.

LYDON and BURR, JJ., concur.

Judgment affirmed.